**Nos. 23-2361, 24-1043, -1050, -1318, -1320**

# United States Court of Appeals for the Federal Circuit

APPLE INC.

*Appellant*

v.

MEMORYWEB, LLC,

*Cross-Appellant*

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Case Nos. IPR2022-00031, IPR2022-00032, IPR2022-00033, and PGR2022-00006

## CROSS-APPELLANT MEMORYWEB LLC'S REPLY BRIEF

JENNIFER HAYES
NIXON PEABODY LLP
300 S. Grand Avenue, Suite 4100
Los Angeles, CA 90071-3151
Tel: 213-629-6000

DANIEL SCHWARTZ
MATTHEW WERBER
ANGELO CHRISTOPHER
NIXON PEABODY LLP
70 W. Madison Street, Suite 5200
Chicago, IL 60602-4378
Tel: 312-977-4400

*Counsel for Cross-Appellant MemoryWeb, LLC*

# EXEMPLARY PATENT CLAIMS

## U.S. Patent 11,017,020

**Claim 1:**

1. A method comprising:

causing an interface to display a people view, the people view including:

a first thumbnail image associated with a first person, a first name associated with the first person, a second thumbnail image associated with a second person, and a second name associated with the second person;

responsive to an input that is indicative of a selection associated with the first person, causing a first person view to be displayed on the interface, the first person view including:

a first digital file associated with the first person, the first name associated with the first person, and a first map image;

responsive to an input that is indicative of a selection of the first map image in the first person view, causing a first location view to be displayed on the interface, the first location view including:

an interactive geographic map, a first indication positioned at a first location on the interactive geographic map, and a second indication positioned at a second location on the interactive geographic map; and

responsive to an input that is indicative of a selection of the first digital file in the first person view, causing a slideshow to be displayed on the interface, the slideshow including a plurality of images associated with the first person.

## U.S. Patent 10,621,228

**Claim 1:**

1. A method comprising:

responsive to a first input, causing a map view to be displayed on an interface, the map view including:

(i) an interactive map;

(ii) a first location selectable thumbnail image at a first location on the interactive map; and

(iii) a second location selectable thumbnail image at a second location on the interactive map;

responsive to an input that is indicative of a selection of the first location selectable thumbnail image, causing a first location view to be displayed on the interface, the first location view including (i) a first location name associated with the first location and (ii) a representation of at least a portion of one digital file in a first set of digital files, each of the digital files in the first set of digital files being produced from outputs of one or more digital imaging devices, the first set of digital files including digital files associated with the first location;

responsive to an input that is indicative of a selection of the second location selectable thumbnail image, causing a second location view to be displayed on the interface, the second location view including (i) a second location name associated with the second location and (ii) a representation of at least a portion of one digital file in a second set of digital files, each of the digital files in the second set of digital files being produced from outputs of the one or more digital imaging devices, the second set of digital files including digital files associated with the second location; and

responsive to a second input that is subsequent to the first input, causing a people view to be displayed on the interface, the people view including:

(i) a first person selectable thumbnail image including a representation of a face of a first person, the first person being associated with a third set of digital files including digital photographs and videos;

(ii) a first name associated with the first person, the first name being displayed adjacent to the first person selectable thumbnail image;

(iii) a second person selectable thumbnail image including a representation of a face of a second person, the second person being associated with a fourth set of digital files including digital photographs and videos; and

(iv) a second name associated with the second person, the second name being displayed adjacent to the second person selectable thumbnail image.

**Claim 15:**

15. The method of claim 1, further comprising:

responsive to an input that is indicative of a selection, in the first location view, of the representation of the at least a portion of the one digital file in the first set of digital files, causing a first digital file to be displayed on the interface; and

responsive to an input that is indicative of a selection, in the second location view, of the representation of the at least a portion of the one digital file in the second set of digital filed, causing a second digital file to be displayed on the interface.

**U.S. Patent 10,423,658**

**Claim 1:**

1. A computer-implemented method of displaying at least a portion of a plurality of (i) digital photographs, (ii) videos, or (iii) a combination of (i) and (ii), each of the digital photographs and videos being associated with a geotag indicative of geographic coordinates where the respective digital photograph or video was taken, the method comprising:

displaying an application view on a video display device including displaying a plurality of selectable elements, the plurality of selectable elements including a location selectable element;

responsive to a click or tap of the location selectable element, displaying a map view on a video display device, the displaying the map view including displaying:

(i) a representation of an interactive map;

(ii) a first location selectable thumbnail image at a first location on the interactive map, the first location being associated with the geographic coordinates of a first geotag, a first set of digital photographs and videos including all of the digital photographs and videos associated with the first geotag;

(iii) a first count value image partially overlapping the first location selectable thumbnail image, the first count value image including a first number that corresponds to the number of digital photographs and videos in the first set of digital photographs and videos;

(iv) a second location selectable thumbnail image at a second location on the interactive map, the second location being associated with the geographic coordinates of a second geotag, a second set of digital photographs and videos including all of the digital photographs and videos associated with the second geotag; and

(v) a second count value image partially overlapping the second location selectable thumbnail image, the second count value image including a second number that corresponds to the number of digital photographs and videos in the second set of digital photographs and videos;

responsive to a click or tap of the first location selectable thumbnail image, displaying a first location view on the video display device, the displaying the first location view including displaying (i) a first location name associated with the first geotag and (ii) a scaled replica of each of the digital photographs and videos in the first set of digital photographs and videos, the displayed scaled replicas of each of the

digital photographs and videos in the first set of digital photographs and videos not being overlaid on the interactive map; and

responsive to a click or tap of the second location selectable thumbnail image, displaying a second location view on the video display device, the displaying the second location view including displaying (i) a second location name corresponding to the second geotag and (ii) a scaled replica of each of the digital photographs and videos in the second set of digital photographs and videos, the displayed scaled replicas of each of the digital photographs and videos in the second set of digital photographs and videos not being overlaid on the interactive map.

**Claim 3:**

The computer-implemented method of claim 1, further comprising responsive to a click or tap of a first one of the displayed scaled replicas in the first location view, displaying a first digital photograph associated with the first scaled replica in the first location view and a first map image indicating the geographic coordinates of the first geotag.

**Claim 7:**

The computer-implemented method of claim 5, further comprising responsive to a click or tap of the first person selectable thumbnail image, displaying a first person view, the displaying the first person view including displaying (i) the name associated with the first person and (ii) a scaled replica of each of the digital photographs and videos in the third set of digital photographs.

**Claim 8:**

The computer-implemented method of claim 7, wherein the displaying the first person view further includes displaying a first-person-location selectable element.

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF INTEREST

**Case Number** 2023-2361, 2024-1043, 2024-1050, 2024-1318, 2024-1230

**Short Case Caption** Apple Inc. v. MemoryWeb, LLC

**Filing Party/Entity** MemoryWeb, LLC

**Instructions:**

1. Complete each section of the form and select none or N/A if appropriate.

2. Please enter only one item per box; attach additional pages as needed, and check the box to indicate such pages are attached.

3. In answering Sections 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance.

4. Please do not duplicate entries within Section 5.

5. Counsel must file an amended Certificate of Interest within seven days after any information on this form changes. Fed. Cir. R. 47.4(c).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 12/03/2024

Signature: /s/ Jennifer Hayes

Name: Jennifer Hayes

| **1. Represented Entities.** Fed. Cir. R. 47.4(a)(1). | **2. Real Party in Interest.** Fed. Cir. R. 47.4(a)(2). | **3. Parent Corporations and Stockholders.** Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☑ None/Not Applicable |
| MemoryWeb, LLC | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| George Dandalides | | |
| | | |
| | | |

**5. Related Cases.** Other than the originating case(s) for this case, are there related or prior cases that meet the criteria under Fed. Cir. R. 47.5(a)?

☑ Yes (file separate notice; see below) ☐ No ☐ N/A (amicus/movant)

If yes, concurrently file a separate Notice of Related Case Information that complies with Fed. Cir. R. 47.5(b). **Please do not duplicate information.** This separate Notice must only be filed with the first Certificate of Interest or, subsequently, if information changes during the pendency of the appeal. Fed. Cir. R. 47.5(b).

**6. Organizational Victims and Bankruptcy Cases**. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable ☐ Additional pages attached

| | | |
|---|---|---|
| | | |
| | | |

## TABLE OF CONTENTS

INTRODUCTION .......... 1

ARGUMENT .......... 2

I. THE BOARD'S FINDING CLAIM 15 OF THE '228 PATENT UNPATENTABLE SHOULD BE REVERSED .......... 2

A. Apple Failed to Identify any Reasoned Analysis by the Board for Finding Claim 15 Unpatentable .......... 3

B. The Board's Discussion of the Meaning of "Responsive To" Reinforces the Inadequacy of the Decision .......... 5

C. MemoryWeb Properly Relies on the Board's Decision in the '376 Patent Proceeding .......... 7

II. THE BOARD'S FINDINGS FOR CLAIMS 3-4 AND 8-12 OF THE '658 SHOULD BE REVERSED .......... 9

A. The Board Erred in Its Determination for Claims 3-4 of the '658 Patent .......... 9

1. The Board Erroneously Believed Apple's Petition Proposed Modifying A3UM's Places View to Display the Digital Photograph .......... 10

2. Apple's Additional Arguments Regarding Displaying The "Digital Photograph" Mischaracterize the Record .......... 12

3. MemoryWeb Did Not Waive its Right to Respond to an Obviousness Argument Apple Did Not Make in the Petition .......... 15

B. The Board Erred In Its Determination for Claims 8-12 of the '658 Patent .......... 16

1. MemoryWeb Did Not Forfeit Its Claim Construction Arguments .......... 16

a. Apple's Arguments to the Board Relied on an Incorrect Construction .......... 16

b. MemoryWeb Argued for the Correct Construction to the Board .......... 17

c. The Board Adopted an Incorrect Construction .......... 19

2. The Board's Construction Ignores the Plain Language of Claims 7-8 and 10-11 .......... 19

3. Apple's Remaining Arguments Are Misplaced and Irrelevant 21

III. THE BOARD'S FINDINGS FOR CLAIMS 1-5, 8-12, 17-37, 40-44, and 49-59 OF THE '020 PATENT SHOULD BE REVERSED ..............................22

A. The Board's Finding that A3UM Meets MemoryWeb's Claim Construction is Not Supported by Substantial Evidence ....................23

B. Apple Mischaracterizes MemoryWeb's Claim Construction Positions and Ignores the Plain Claim Language................................26

1. Apple's Claim that MemoryWeb "Forfeited" its Claim Construction is Baseless ..........................................................26

2. Apple Ignores the Contextual Claim Language and Mischaracterizes MemoryWeb's Arguments to the Board ......28

C. The Court Should Reverse the Decision and Vacatur is Not Required ...........................................................................................31

CONCLUSION AND RELIEF SOUGHT ..............................................................31

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alacritech, Inc. v. Intel Corp.*,
966 F.3d 1367 (Fed. Cir. 2020) ....5

*Google LLC v. EcoFactor, Inc.*,
92 F.4th 1049 (Fed. Cir. 2024) ....27

*Google LLC v. Hammond Dev. Int'l, Inc.*,
54 F.4th 1377 (Fed. Cir. 2022) ....8

*Homeland Housewares, LLC v. Whirlpool Corp.*,
865 F.3d 1372 (Fed. Cir. 2017) ....21

*In re Google Tech. Holdings LLC*,
980 F.3d 858 (Fed. Cir. 2020) ....25

*In re Magnum Oil Tools Int'l, Ltd.*,
829 F.3d 1364 (Fed. Cir. 2016) ....24

*In re NuVasive, Inc.*
841 F.3d 966 (Fed. Cir. 2016) ....4

*IOENGINE, LLC v. Ingenico Inc.*,
100 F.4th 1395 (Fed. Cir. 2024) ....27

*Netflix, Inc. v. DivX, LLC*,
84 F.4th 1371 (Fed. Cir. 2023) ....15

*Novartis AG v. Torrent Pharm. Ltd.*
853 F.3d 1316 (Fed. Cir. 2017) ....4

*Power Mosfet Techs., L.L.C. v. Siemens AG*,
378 F.3d 1396 (Fed. Cir. 2004) ....20

*Sanofi-Aventis Deutschland GmbH v. Mylan Pharms. Inc.*,
66 F.4th 1373 (Fed. Cir. 2023) ....24

*Univ. of Strathclyde v. Clear-Vu Lighting LLC*,
17 F.4th 155 (Fed. Cir. 2021) ....................................................................24

*Wi-Lan, Inc. v. Apple, Inc.*,
811 F.3d 455 (Fed. Cir. 2016) ....................................................................20

## INTRODUCTION

The Board's unpatentability finding for claim 15 of the '228 patent cannot stand because (1) the Board provided no basis for finding Apple met its burden and (2) the finding is based on the same failed argument Apple made in the '376 Patent proceeding, which the Board properly rejected. Apple has failed to rebut either basis.

The Board's findings for claims 3-4 and 8-12 of the '658 Patent also cannot stand. The dispute concerning claims 3-4 of the '658 patent boils down to whether the Board erred by adopting a so-called "obviousness theory" in Apple's Petition (which Apple did not make) relating to modifying A3UM's Places view such that a click or tap displays the claimed "first digital photograph." Contrary to the Board's determination and Apple's arguments on appeal, Apple's Petition proffered no such theory and instead relied solely on an erroneous assumption that A3UM provides this feature without modification.

With respect to claims 8-12 of the '658 patent, the Board applied an incorrect claim construction. Apple argues MemoryWeb forfeited its right to appeal the Board's claim construction determination by claiming MemoryWeb had not raised these issues before the Board. However, Apple's argument ignores the record, including the numerous pages of claim construction discussion MemoryWeb offered to the Board concerning these claims. Apple raises a series of additional arguments

but offers no basis for affirming the Board's determination when the proper construction is applied.

Finally, the Board's findings for claims 1-5, 8-12, 17-37, 40-44, and 49-59 of the '020 Patent should be reversed because, consistent with Apple's failure to argue the point before the Board, there is simply no evidence that A3UM meets MemoryWeb's claim construction of "responsive to" requiring a cause-effect relationship between the claimed input and displaying the first map image. Given the lack of any expert testimony supporting its own broader construction, Apple is forced to argue that MemoryWeb somehow forfeited its argument that the "responsive to" requirement applies to the first map image. This assertion is meritless because MemoryWeb raised this issue before the Board and Apple expressly acknowledged that MemoryWeb had done so.

## ARGUMENT

### I. THE BOARD'S FINDING CLAIM 15 OF THE '228 PATENT UNPATENTABLE SHOULD BE REVERSED

The Court should reverse the Board's unpatentability finding for claim 15 of the '228 patent because (1) the Board provided no basis for finding Apple met its burden and (2) the finding is based on the same argument Apple made in the '376 Patent proceeding, which the Board properly rejected. Apple has failed to rebut either basis for reversal.

### A. Apple Failed to Identify any Reasoned Analysis by the Board for Finding Claim 15 Unpatentable

Claim 15 of the '228 patent recites, in relevant part, "responsive to an input … of ... at least a portion of the one digital file … causing a first digital file to be displayed." Apple's Petition argued that selecting a thumbnail (*portion of the one digital file*) in A3UM's Browser displays "the original digital image" (*first digital file*). Appx21908-21909. Apple's expert subsequently conceded, however, the Petition was incorrect, and that selecting a thumbnail in A3UM's Browser displays a location label rather than the original digital image (*first digital file*). Appx33078-33079 (152:10-154:22); Appx33160 (323:7-324:16). The Board summarily found claim 15 unpatentable, but, notwithstanding Apple's burden and its erroneous assertions regarding A3UM, did not explain why. Appx265-266; Red-Br., 62.

Apple claims the Board provided its reasoning in the following passage of the '228 Patent Decision:

> We do not see a connection between Patent Owner's contention that the A3UM "Browser does not replace the map with a full-size version of the image" and the language of claim 15. PO Sur-reply 22. Claim 15 recites in pertinent part, *"responsive to an input that is indicative of a selection, in the [first/second] location view, of ... a portion of the one digital file in the [first/second] set of digital files, causing a [first/second] digital file to be displayed on the interface."* Nowhere does claim 15 (or independent claim 1) recite a requirement to "replace the map with a full-size version of the image" as Patent Owner suggests.

Appx265-266; Yellow-Br., 30-32 (citing Appx265-266).

This passage only reinforces the inadequacy of the Board's reasoning. To address claim 15's recitation of "responsive to an input … of ... at least a portion of the one digital file … causing a first digital file to be displayed," it was Apple—not MemoryWeb—that argued that "[s]electing a thumbnail … replaces the Places map view." Appx22390 (quoting Appx23919-23920 (¶241)). Apple's expert, Dr. Terveen, used the phrase "replaces the Places map view with a full-size [image]" to convey his incorrect belief that making the claimed "selection" in A3UM's Places view displays (*i.e.*, replaces) the full-sized image where the Places map had previously been shown. *Id*. Thus, MemoryWeb's reference to A3UM "not replac[ing] the Places map view" was a direct rebuttal to Apple. *Id*.; Appx265-266. To the extent the Board did not "see a connection between" this argument and claim 15 (Appx265-2660), the Board should have levied this disconnect against Apple (who carried the burden), rather than MemoryWeb, who merely responded to it.

Apple's reliance on *In re NuVasive, Inc.* and *Novartis AG v. Torrent Pharm. Ltd*. is misplaced. Yellow-Br., 30 (citing 841 F.3d 966, 974-75 (Fed. Cir. 2016) and 853 F.3d 1316, 1327-28 (Fed. Cir. 2017)). Apple can hardly claim the Board was "not required" to address allegedly "undisputed issues" or that the Board's discussion was "commensurate with" the issues or disputes presented. *Novartis,* 853 F.3d at 1327-28. The Board misapprehended that MemoryWeb had responded to a

material (and demonstrably erroneous) factual allegation Apple had raised, but nevertheless found Apple had met its burden without explanation. Appx265-266; Appx22390. *Alacritech, Inc. v. Intel Corp.* 966 F.3d 1367, 1371-73 (Fed. Cir. 2020) (vacating Board decision that did not adequately address the parties' arguments and explain how the prior art meets the claimed subject matter).

Moreover, notwithstanding Apple arguing the Board "gave detailed reasoning," Apple has not identified any passage in the '228 Patent Decision where the Board made any factual findings or adopted any of the parties' respective arguments concerning the disclosures of A3UM. Red-Br., 64; Yellow-Br., 30. Indeed, the '228 Patent Decision includes no such analysis. At most, after merely re-stating the parties' respective arguments concerning A3UM with respect to claim 15, the Board concludes with the following statement, which does not even mention claim 15:

> Based on the complete record and for the reasons we discuss, we find that Petitioner has demonstrated that the asserted prior art meets the recited limitations of dependent **claims 8 and 9**.

Appx266 (emphasis added).

### B. The Board's Discussion of the Meaning of "Responsive To" Reinforces the Inadequacy of the Decision

The '228 Patent Decision continued with the following discussion of claim 15:

> Moreover, claim 15 requires that the "[first/second] digital file be displayed on the interface." (emphasis added). So as long as the digital file is displayed on the interface, the claim language would be satisfied. Patent Owner's argument regarding the recited language "responsive to" is also unavailing.
>
> We see nothing in the language of claim 15 (or independent claim 1) that would necessarily prohibit a related user action between the "input that is indicative of a selection," and "causing a ... digital file to be displayed on the interface."

Appx266. Here, the Board addressed MemoryWeb's Sur-Reply argument (Appx22392-22393) responding to Apple's Reply argument that claim 15 "accommodates intervening actions of a user between the selection and the action being caused" (Appx22474-22475). However, the Board did not specify whether it relied on this finding in concluding claim 15 was unpatentable. Appx266. Because the Board did not adopt any factual findings concerning A3UM's teachings, there was no basis to conclude A3UM met the requirements of claim 15 regardless of whether "responsive to" allows a "related user action."

Given the lack of explanation by the Board, MemoryWeb argued that, to the extent the Board's conclusion was based on its view that "responsive to" allows intervening "related user action[s]," this provided a basis for vacatur. Red-Br., 64. Apple does not argue that the Board's statements regarding "responsive to" had any impact on the Board's conclusion. Yellow-Br., 33-34. Nor does Apple argue how or

even if A3UM would meet the requirements of claim 15 if "responsive to" allowed intervening "related user action[s]." *Id.*; Appx266.

### C. MemoryWeb Properly Relies on the Board's Decision in the '376 Patent Proceeding

In the '376 Patent proceeding, the Board agreed with MemoryWeb that A3UM does not display a full-size image responsive to selecting a thumbnail, as claimed. Red-Br., 66; Appx151-157 (expressly agreeing with MemoryWeb and "credit[ing] Dr. Surati over Dr. Terveen on this issue because Dr. Surati's testimony is consistent with the teachings in A3UM"). Instead, the Board found A3UM displays a location label responsive to selecting a thumbnail. Appx155 (the Board finding "the Places view adds … the location label … in response to the user's selection").

Apple responds by pointing to alleged differences between claim 15 of the '228 patent and claim 1 of the '376 patent. Yellow-Br., 33. Apple's argument misses the point. Regardless of whether claim 1 of the '376 patent uses identical or different language, Apple proffered the same factually incorrect argument concerning A3UM's disclosure:

| Apple Argument: '376 patent claim 1 | Apple Argument: '228 patent claim 15 |
|---|---|
| Selecting a thumbnail in the Browser then prompts display of the original digital image in the Viewer. EX1005, 251. This display will be the digital image (*e.g.*, a full-size photo) represented by the thumbnail in the | Selecting a thumbnail in the Browser then prompts the display of the original digital image in the Viewer. EX1005, 251 ... This display in the Viewer will be of the digital image (*e.g.*, a full-size |

| | |
|---|---|
| Browser ("not including the interactive map"). | photo) represented by the thumbnail in the browser. |

*Compare* Appx11559-11560 (Apple's '376 Petition) *with* Appx21908-21909 (Apple's '228 Petition).

In the '376 Decision, the Board thoroughly considered Apple's argument that "[s]electing a thumbnail in the Browser then prompts display of the original digital image in the Viewer" and rejected it with proper explanation:

> [T]he Petition states that A3UM displays the original image in the Viewer. *Id*. According to the Petition, this means the display does not include the interactive map, as required by claim 1. *Id*. So, here, Petitioner asserts that the original digital image corresponding to the Browser selection replaces the interactive map displayed in the Places view. *Id*. Patent Owner argues that A3UM does not replace the map with a full-size version of the selected image in the Places view ... Patent Owner's argument is adequately supported by Dr. Surati's testimony ... We credit Dr. Surati over Dr. Terveen on this issue because Dr. Surati's testimony is **consistent with the teachings in A3UM**.

Appx153 (emphasis added).

Because Apple did not challenge this fact finding concerning A3UM in the '376 Decision, it is final. Red-Br., 65-68; *Google LLC v. Hammond Dev. Int'l, Inc.*, 54 F.4th 1377, 1381 (Fed. Cir. 2022) (holding "collateral estoppel applies to IPR proceedings"). Apple argues this doctrine does not apply, claiming "Apple appealed all adverse findings on the '376 patent." Yellow-Br., 34. That is incorrect. While Apple raised arguments challenging the '376 Decision as to other issues, Apple has

not identified any challenge to the Board rejecting Apple's argument concerning display of the original digital image in A3UM's Viewer. Yellow-Br., 34. Indeed, Apple expressly states in its Blue Brief that it "does not challenge" this factual finding. Blue-Br., 38 (Apple stating "the Board found, ***in a finding Apple does not challenge***, that 'the Places-view map is not replaced with an image when the user selects a thumbnail image in the Places-view Browser'") (quoting Appx152-157) (emphasis added).

## II. THE BOARD'S FINDINGS FOR CLAIMS 3-4 AND 8-12 OF THE '658 SHOULD BE REVERSED

### A. The Board Erred in Its Determination for Claims 3-4 of the '658 Patent

The dispute concerning claims 3-4 of the '658 patent boils down to whether the Board erred by relying on a so-called "obviousness theory" in Apple's Petition (which Apple did not make) relating to modifying A3UM's Places view such that a click or tap displays the claimed "first digital photograph." Appx351-352, Appx355. Contrary to the Board's determination and Apple's arguments on appeal, Apple's Petition proffered no such theory and instead relied solely on an erroneous assumption that A3UM discloses this feature without modification. Appx355; Yellow-Br., 49-50; Appx39344.

### 1. The Board Erroneously Believed Apple's Petition Proposed Modifying A3UM's Places View to Display the Digital Photograph

Claim 3 recites displaying two features responsive to a click or tap in the first location view: (1) "a first digital photograph" and (2) "a first map image." Appx661 (36:15-20). Apple's Petition raised two arguments for claim 3. First, Apple theorized that within A3UM's Places view, selecting a photo in the Browser below "would, with a single click, display (i) the photo in the Viewer and (ii) the photo's information (and map) in the Metadata inspector." Appx39344. MemoryWeb noted Apple's first theory was incorrect, which Apple has not disputed. Red-Br., 69; Appx39660-39661; Appx39822. Second, Apple alternatively theorized that a POSITA would "modify A3UM such that selecting a photo in the Browser, in addition to displaying that photo in the Viewer, would display A3UM's Map Pane at the bottom of the Inspector pane." Appx39344. While the second theory uses the word "modify" and mentions both the "photo" and "Map Pane," the wording of Apple's Petition (along with the expert testimony discussed below) makes clear that Apple's second theory proposes to modify A3UM's Places view to display the "Map Pane," not the photo, while erroneously assuming the Places view displays the photo without modification. Red-Br., 69-70.

MemoryWeb responded that Apple's first theory erred in claiming that a click or tap in A3UM's Places view displays the photo and emphasized that Apple's

second theory did not propose to modify A3UM to address this deficiency. Appx39660-39661; Appx39822-39823.

In finding claims 3-4 unpatentable, the Board dismissed Apple's first theory and MemoryWeb's arguments concerning the errors in this theory as "irrelevant." Red-Br., 69-71; Appx355. Next, the Board adopted Apple's second theory, while incorrectly believing Apple's second theory proposed to modify A3UM's Places view to display the photo. *Id*.

Apple, relying on three paragraphs from Dr. Terveen's declaration in support of the Petition, now tries to re-write its second theory as if Apple had proposed to modify A3UM's Places view to display the photo (rather than just the map image) all along. Yellow-Br., 49-50 (citing Appx40481-40485 (¶¶199, 201, 203)). Apple, however, ignores that all three paragraphs on which it relies appear under Dr. Terveen's section heading "**Displaying the Map Images**," which make clear the discussion he offered related to displaying the map image. Appx40481. Consistent with the section heading, the three individual paragraphs confirm Apple contemplated modifying how A3UM displays the map. For example, Dr. Terveen's paragraph 199 reads:

> Alternatively, it would have been obvious to a skilled artisan by early 2010 to further **modify** A3UM-Belitz to display the "[first/second] **map image**" in response to the same "click or tap" that displayed the "[first/second] digital photograph.**"** For example, it would have been obvious to **modify A3UM** so that selecting a photo in the

> browser, in addition to displaying that photo in the Viewer, **would (optionally) automatically display the Map Pane** at the bottom of the Inspector pane.

Appx40481 (¶199). This paragraph reinforces that Apple's and Dr. Terveen's second theory modifies how A3UM displays the map, while wrongly assuming A3UM already "display[s] the "digital photograph" from the "click or tap." *Id*. In the next paragraph Apple cites, paragraph 201, Dr. Terveen opines, in relevant part:

> It was further known to display a map UI element as part of the default view **when viewing a photograph in an image management system**. For example, prior art techniques included displaying "an enlarged view of a digital photograph … in a main location in a user interface" at the same time a "map pane" was displayed on the same interface ….

Appx40483 (¶201). Once again, this paragraph incorrectly assumes a user had already been "viewing a photograph." *Id*. Finally, paragraph 203 reinforces that Apple and Dr. Terveen proposed to modify A3UM to display the "Map Pane" – not the photo. Appx40483 (¶203) (Dr. Terveen opining about "the obviousness of **optionally displaying the Metadata inspector and Map Pane** when selecting an image from A3UM's Browser to display in the View").

### 2. Apple's Additional Arguments Regarding Displaying The "Digital Photograph" Mischaracterize the Record

Apple continues by raising a series of arguments that mischaracterize the record. For example, Apple argues A3UM "already disclose[s] displaying a photo"

and cites to "earlier portions" of Dr. Terveen's declaration in support of the Petition. Yellow-Br., 50-52 (citing Appx40477-40479, Appx40481 (¶¶194-195, 198)).

However, none of the cited paragraphs propose modifying A3UM's Places view to display a photo from a single click or tap in the Browser portion. For example, paragraph 194 simply restates the erroneous argument Apple claims is irrelevant. Appx40478 (¶194) (Dr. Terveen erroneous argument that "[s]electing a thumbnail in the Browser then prompts the display of the original digital image in the Viewer, which replaces the Places map view"). In paragraph 195, Dr. Terveen opines, in relevant part, that the "[A3UM] functionality" discussed in paragraph 194 "would be maintained." Appx40478-40479 (¶195). Again, Dr. Terveen refers to so-called "functionality" A3UM does not have in the Places view. *Id*.

Next, Apple points to Dr. Terveen discussing Belitz. Yellow-Br., 50 (citing Appx40478-40479 (¶195)). However, Dr. Terveen's discussion focused on replacing "A3UM's pin" on the map with Belitz's thumbnails rather than modifying A3UM to display a full-sized image. *Id*. (opining "Belitz's thumbnail functionality would replace A3UM's pin"). Indeed, in the following sentence, Dr. Terveen states "**the A3UM technique** of selecting the thumbnail in the Browser to prompt **display of the full image would be retained**" – referring again to Dr. Terveen's erroneously assuming A3UM's Places view already displays the photo. *Id*. (emphases added). Finally, in paragraph 198, Dr. Terveen, again, incorrectly states that when "using the

Places view," a user can "selec[t] an image in the Browser" to "display that image." Appx40481 (¶198).

Apple responds by referring to "functionality [that] exists in A3UM outside the Places view," including "functionality in the Browser-Viewer Split view" but this is another misdirection by Apple. Yellow-Br., 51-52. Apple's argument is not only irrelevant, but it also ignores the exact wording of Dr. Terveen's declaration, in which Dr. Terveen describes a use case involving "using the Places view":

> [A] skilled artisan would understand that A3UM's disclosure encompasses a scenario where a user had previously selected the Metadata inspector, displayed the Map Pane, and was then **using the Places view**. A3UM discloses that selecting an image in the Browser will display that image in the Viewer ….

Appx40481 (¶198) (emphasis added). Indeed, Dr. Terveen expressly admitted that A3UM's discussion of the Browser and Viewer behavior does not relate to the Places view. Appx49371 (403:16-404:9); *see also* Appx49270 (153:9-154:19). The record is clear that (i) Apple's Petition and Dr. Terveen erroneously assumed and relied on A3UM purportedly including functionality ***within the Places*** view for displaying the full-sized image, (ii) the Board adopted a theory that relied on that erroneous assumption. *Supra*, §II.A.1; Appx355.

All told, the Board erroneously believed Apple's Petition proposed to modify A3UM's Places view so that selecting a thumbnail displays the claimed "first digital photograph." Apple's attempts to re-write the Petition to match what the Board

erroneously believed Apple had argued (which it did not argue) only highlights that there is no basis for affirming the Board's determination. *See e.g.*, *Alacritech*, 966 F.3d at 1371-73 (vacating decision where the Board failed to acknowledge a material "aspect of the parties' dispute").

### 3. MemoryWeb Did Not Waive its Right to Respond to an Obviousness Argument Apple Did Not Make in the Petition

Next, Apple claims MemoryWeb waived its rights by not addressing in its Patent Owner's Response whether a POSITA would have been "motivated to modify A3UM" to display the full-sized photograph from the Places view. Yellow-Br., 52-56. However, as discussed above, Apple's Petition proposed no such obviousness modification for MemoryWeb to respond to. *Supra*, §II.A.1; *Netflix, Inc. v. DivX, LLC*, 84 F.4th 1371, 1378 (Fed. Cir. 2023) (noting the Board properly rejected "additional, new arguments not contained in the petition"). When Apple attempted to raise this issue for the first time in its Reply, MemoryWeb (i) responded that Apple's new obviousness modification "exceed[ed] the permissible scope of a reply" and (ii) offered arguments based on evidence of non-obviousness. Appx39822-39823 (citing Appx49504-49506 (¶¶213-216)). In view of the above, MemoryWeb properly responded to Apple's untimely obviousness argument. If any party forfeited its arguments concerning this limitation, it was Apple by failing raise the proposed modification in its Petition. *Supra*, §II.A.1.

### B. The Board Erred In Its Determination for Claims 8-12 of the ‘658 Patent

In the ‘658 Patent Decision, the Board applied an incorrect construction for claims 8-12 of the ‘658 patent. Red-Br. 74-76. Because Apple offers no basis for affirming the Board’s determination when the proper construction is applied, the Board’s determination of the claims 8-12 should be vacated and remanded.

#### 1. MemoryWeb Did Not Forfeit Its Claim Construction Arguments

Apple argues MemoryWeb “forfeited” its claim construction arguments for claims 8-12 and that MemoryWeb did not “argue for any particular construction” of “responsive to.” Yellow-Br., 59-60. However, Apple’s argument ignores the record. As discussed below, Apple’s Petition relied on an incorrect construction of claims 8-12, and MemoryWeb responded by offering numerous pages of claim construction discussion to the Board.

##### a. Apple’s Arguments to the Board Relied on an Incorrect Construction

Claims 7 and 10[1] recite “responsive to a click or tap of the [first/second] person selectable thumbnail image, **displaying a [first/second] person view**” Appx661 (36:57-62) (emphasis added). Claims 8 and 11 depend from claims 7 and 10 and add that “**the displaying the first person view** further includes displaying a

[1] Claims 10-11 are subject the same analysis as claims 7-8 because both use identical language with the exception of reciting “second” rather than “first.”

[first/second]-person-location selectable element." Appx661 (36:63-65), Appx662 (37:12-15) (emphasis added). The dispute boils down to whether "the displaying" of the "first-person-location selectable element" of claims 8 and 11 must be "responsive to" the "click or tap" of claims 7 and 10, as MemoryWeb has argued.

For claims 7 and 10, Apple's Petition argued that "double-click[ing] a person's snapshot in Faces view" (the claimed *click or tap*) displays a Faces browser (*first person view*). Appx39327. For claims 8 and 10, Apple identified A3UM's "Places" link or "Places toolbar button" as the *first-person-location selectable element*. Appx39328-39329.




Appx39329 (annotating Appx40974)

#### b. MemoryWeb Argued for the Correct Construction to the Board

Contrary to Apple's representations, MemoryWeb offered numerous claim construction arguments for claims 8-12 to the Board. Yellow-Br., 59-60. For starters,

MemoryWeb's Response argued (over 5-pages of discussion) that "responsive to ... displaying" in claims 7 and 10 (which claims 8 and 11 depend on) requires "a cause-effect relationship between" the "click or tap" and "displaying" of the "first-person-view" and constituent elements. Appx39599-39604. MemoryWeb also argued that, per claims 8 and 11, "a [first/second]-person-location selectable element" must be "displayed 'responsive to' selecting the first/second thumbnail image in the people view." Appx39652. MemoryWeb also identified embodiments in the '658 patent specification "[d]isplaying the first-person-location selectable element in the first person view responsive to" the thumbnail selection, consistent with claims 7 and 10. Appx39652-39655. Based on this interpretation, MemoryWeb argued that in A3UM "there is no causal connection between (1) clicking a thumbnail in the people view and (2) displaying the Places link or Places toolbar button." Appx39652. MemoryWeb's Sur-Reply provided additional discussion, including analysis directly responding to Apple's novel claim construction position for "responsive to." Appx39805-39806.

MemoryWeb also explained that A3UM's Places link and toolbar button (the alleged *first-person-location selectable element)* are not displayed "responsive to" double-clicking the person's snapshot (*click or tap*) as required by claims 7-8 and 10-11. Appx39652-39653. Instead, A3UM's Places link and toolbar button are persistently displayed by default, completely independent of any click or tap. *Id*.

### c. The Board Adopted an Incorrect Construction

The Board interpreted claims 8 and 11 such that the "[first/second]-person-location selectable element" does not need to be displayed "responsive to" the claimed "click or tap." Appx346 (determining the claims only require that "the person view further includes displaying the specified element"). In other words, the Board's construction did not require any relationship between (i) the "click or tap" and "displaying" of claims 7 and 10 and (ii) "the displaying" of claims 8 and 11. *Id*. On that basis, the Board found that A3UM discloses claims 8 and 11, regardless of how A3UM provides "the displaying" of claim 8 and 11. *Id*. However, as discussed below, the Board's construction is incorrect.

### 2. The Board's Construction Ignores the Plain Language of Claims 7-8 and 10-11

Apple concedes that claims 7 and 10 require displaying the first person view "responsive to" the claimed "click or tap" but disputes that the "responsive to" term of claim 7 applies to "the displaying" of claims 8 and 11 such that the first person view displayed "responsive to" includes a "first-person-location selectable element." Red-Br., 73-75; Yellow-Br., 60. According to Apple:

> Claims 7 and 10 require that a person view be displayed "responsive to" a user input—but claims 8 and 11 require only that this person view "**further include[] displaying**" a location selectable element.

Yellow-Br., 60 (emphasis added). Apple, however, skips the antecedent "the" in claims 8 and 10, which recite "**the** displaying the first person view" – referring to

the "displaying" action recited in claim 7. *Wi-Lan, Inc. v. Apple, Inc.*, 811 F.3d 455, 462 (Fed. Cir. 2016) (explaining that "[s]ubsequent use of the definite articles 'the' or 'said' in a claim refers back to the same term recited earlier in the claim"). Any proper construction of claims 7-8 and 10-11 must contemplate that both claims are directed to the same "first person view" and the same action of "displaying." *Id*; *Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1410 (Fed. Cir. 2004) (stating that "interpretations that render some portion of the claim language superfluous are disfavored"). Displaying a view responsive to the "click or tap" but without the "[first/second]-person-location selectable element" does not qualify as "the displaying" of claims 8 and 11. For these reasons, the Court should reverse the Board's claim construction. Red-Br., 73-75

Apple also refers to arguments it raised for claim 1 of the '020 patent concerning whether "displaying a view responsive to an input necessarily requires displaying every element included in that view." Yellow-Br., 60 (citing *id*., 41-44). As provided below, the express language of claim 1 of the '020 patent requires a cause-effect relationship between (1) the claimed "input" and (2) displaying the "first person view," including all elements of that view. *Infra*, §III.B.2. To the extent the Court declines to adopt MemoryWeb's argument concerning claim 1 of the '020 patent, that is not be dispositive of the claim construction dispute for claims 7-8 and 10-11 of the '658 patent. Claims 8 and 11 of the '658 patent recite "**the displaying**

the [first/second] person view further includes **displaying** a [first/second]-person-location selectable element," while the '020 Patent recites "the first person view including … a first map image." Appx661 (36:63-65), Appx662 (37:12-15); *infra*, §III.B.2. While the "responsive to" requirement in both patents applies to displaying each feature of the claimed view, the additional recitation of "the displaying" in claims 8 and 11 of the '658 patent only reinforces this construction.

### 3. Apple's Remaining Arguments Are Misplaced and Irrelevant

Apple notes MemoryWeb stated in its Response that the claims "should be afforded their plain and ordinary meaning." Yellow-Br., 59; Appx284. Indeed, arguing that "**the** displaying" of the "first-person-location selectable element" of claim 8" must be "responsive to" the "click or tap" of claim 7 is entirely consistent with the plain and ordinary meaning of the claims. *Infra*, §III.B.2. Further, the Board was obligated to resolve this dispute even if neither party expressly framed the dispute in the context of claim construction (which they did). *Homeland Housewares, LLC v. Whirlpool Corp.*, 865 F.3d 1372, 1375 (Fed. Cir. 2017) (holding that when the parties raise a dispute regarding claim scope, the Board "must resolve such disputes in the context of IPRs").

Next, Apple argues the Board "credited Apple's explanation" concerning displaying a person's images "including the viewer, the toolbar, and the inspector panes." Yellow-Br., 57. However, Apple ignores that this theory relies on the

incorrect construction rather than MemoryWeb's proper construction. A3UM's Places link and toolbar button (*first-person-location selectable element)* are not displayed "responsive to" double-clicking the person's snapshot (*click or tap*) as required by claims 7-8. *Supra*, §II.B.1.a; Red-Br., 73-75.

Apple also claims the Board adopted an "alternative argument" contemplating modifying A3UM "so that the Places toolbar button" could be selected to display photos. Yellow-Br., 58 (citing Appx346-347). However, this is another misdirection. The referenced "alternative argument" addressed an entirely separate issue raised by the parties relating to whether the "[first/second]-person-location selectable elements" must be separate and distinct from each other, which MemoryWeb has not appealed. Appx344-345. All told, Apple provides zero basis for affirming the Board's determination under the correct claim construction.

* * * *

For the reasons provided above, and in the Red Brief, the Court should correct the Board's claim construction error and vacate and the remand the Decision with respect to claims 8-12 of the '658 Patent. Red-Br., 73-76.

## III. THE BOARD'S FINDINGS FOR CLAIMS 1-5, 8-12, 17-37, 40-44, and 49-59 OF THE '020 PATENT SHOULD BE REVERSED

The Board's findings for the '020 Patent relating to the proper construction of the phrase "responsive to" in relation to the features of the claimed "first person view" cannot stand. First, the Board erred in finding that A3UM meets

MemoryWeb's claim construction at least because Apple offered no argument or evidence that A3UM discloses the requisite cause-effect relationship between the claimed input and displaying the "first map image" in the first person view. Faced with no evidence to support the Board's conclusion, Apple resorts to arguing that MemoryWeb somehow forfeited its claim construction even though both parties addressed this precise issue before the Board.

Second, the Board's finding that "responsive to" does not apply to displaying the features of the claimed first person view is incorrect because it ignores the plain claim language. In view of these errors, the Decision should be reversed for claims 1-5, 8-12, 17-37, 40-44, and 49-59 of the '020 Patent.

### A. The Board's Finding that A3UM Meets MemoryWeb's Claim Construction is Not Supported by Substantial Evidence

There is no evidence supporting the Board's finding that A3UM meets MemoryWeb's claim construction requiring a cause-effect relationship between (1) the claimed input and (2) causing the first person view, including the first map image, to be displayed. Red-Br., 79-81; Appx2467, Appx2507, Appx2525-2526; Appx10374 (110:2-25). Critically, Apple does not dispute that its expert never opined that A3UM meets MemoryWeb's claim construction, leaving Dr. Surati's testimony that it does not (Appx10596-10601 (¶¶160-64)) unrebutted. Yellow-Br., 39; Red-Br., 79. Instead, Apple argues Dr. Terveen did not have to because "no part of the Board's finding ... turned on which party's interpretation of 'responsive to'

was correct." Yellow-Br., 39. But this ignores that the Board found that A3UM meets MemoryWeb's claim construction, even though Dr. Terveen never opined that A3UM disclosed the required cause-effect relationship between the claimed input and displaying the first map image under that construction. Appx54. Undisputed evidence, including A3UM's disclosures and Dr. Surati's testimony, demonstrated that there is no such cause effect relationship in A3UM. Red-Br., 80-81; *Univ. of Strathclyde v. Clear-Vu Lighting LLC*, 17 F.4th 155, 163 (Fed. Cir. 2021) (finding that Board's decision lacked substantial evidence when it was contrary to unrebutted expert testimony).

Consistent with Dr. Terveen's failure to address this issue, Apple does not dispute that it never argued that A3UM meets MemoryWeb's claim construction. Red-Br., 81 (citing Appx1324 and *In re Magnum Oil Tools Int'l, Ltd.,* 829 F.3d 1364, 1381 (Fed. Cir. 2016)). While Apple attempts to distinguish the facts in *Magnum* (Yellow-Br., 39-40), it does not dispute the legal principal that the Board cannot "adopt arguments on behalf of petitioners that could have been, but were not, raised by the petitioner." *Magnum Oil*, 829 F.3d at 1381. To illustrate, in *Sanofi-Aventis Deutschland GmbH v. Mylan Pharms. Inc.*, the patentee raised a non-analogous art argument in its response and the petitioner never disputed this point in its reply. 66 F.4th 1373, 1379 (Fed. Cir. 2023). Even though petitioner never addressed the non-analogous art argument, the Board concluded the prior art was analogous. This Court

reversed the Board's determination and held that it was improper for the Board to reach a conclusion which the petitioner never asserted. *Id*.

In this case, it was likewise improper for the Board to find that A3UM meets MemoryWeb's claim construction when Apple never argued that it did. Appx1324. Apple forfeited this argument by failing to raise it before the Board. *In re Google Tech. Holdings LLC*, 980 F.3d 858, 863 (Fed. Cir. 2020) (holding that "a position not presented to the tribunal under review will not be considered on appeal in the absence of exceptional circumstances").

Given the unrebutted expert testimony, the only "evidence" Apple can muster to support the Board's conclusion are "screenshots" from A3UM. Yellow-Br., 37-38. But A3UM makes clear that the alleged map image in those screenshots is displayed persistently by default rather than in response to the relevant input identified by Apple. Appx2467, Appx2507, Appx2525-2526; Appx10374 (110:2-25). Unable to show the required cause-effect relationship in A3UM under MemoryWeb's construction, the majority of Apple's arguments hinge on its forfeiture argument and the Board's erroneous claim construction, addressed below. Yellow-Br., 38-39; *Infra*, §III.B.

### B. Apple Mischaracterizes MemoryWeb's Claim Construction Positions and Ignores the Plain Claim Language

#### 1. Apple's Claim that MemoryWeb "Forfeited" its Claim Construction is Baseless

In an effort to distract from the lack of evidence supporting the Board's conclusion that A3UM meets MemoryWeb's construction, Apple claims that MemoryWeb forfeited its claim construction arguments because it supposedly "never asked for a claim construction of the 'first person view' limitation." Yellow-Br., 40-41. Specifically, Apple argues that MemoryWeb forfeited any argument that the "responsive to" requirement applies to displaying the features of the first person view. *Id*. Apple's argument is belied by the record.

MemoryWeb expressly asked the Board to construe the phrase "responsive to" to require a cause-effect relationship between (1) an input indicative of a selection associated with the first person and (2) displaying the first person view, which includes the first map image. Appx984-988. MemoryWeb made clear that "the 'responsive to ... causing' phrase ... defines a cause-effect relationship between (1) the input ... and (2) causing the first person view—***including the first map image***—to be displayed." Appx1036 (emphasis added); Appx10580 (¶125) (same) (emphasis added).

Apple's Reply acknowledged that MemoryWeb argued "that element 1[b] requires the map images to be 'displayed responsive to selecting one of the snapshots

in the Faces view,'" *i.e.*, the claimed input. Appx1133. MemoryWeb reiterated in its Sur-Reply that "all three" features of the first person view "including the first map image—must be displayed 'responsive to the input.'" Appx1229. MemoryWeb also made this clear during oral argument. Appx1403 (54:4-10) (explaining that "there has to be three things that are caused to be displayed in response to that input" including "the first map image"). On these facts, Apple's forfeiture argument is baseless.

Apple's proffered authority on forfeiture is equally inapposite. Yellow-Br., 41 (citing *IOENGINE, LLC v. Ingenico Inc.*, 100 F.4th 1395, 1402 (Fed. Cir. 2024)). In *IOENGINE*, the patent owner proposed a claim construction before the Board, then proposed a meaningfully different claim construction for the same term on appeal. 100 F.4th at 1401-02. By contrast, MemoryWeb has not changed its claim construction position *See* Appx984-988, Appx1036; Appx1229; Appx1133; Appx54. Indeed, while the Board did not expressly refer to claim construction, its (incorrect) finding that "the claim does not require causing a map image to be displayed on the interface in response to an input" expressly recognized that the parties' had a claim construction dispute. Appx54; *Google LLC v. EcoFactor, Inc.*, 92 F.4th 1049, 1056 (Fed. Cir. 2024) (noting that this Court has "found implicit claim constructions even when the Board does not recognize that it is construing a claim").

### 2. Apple Ignores the Contextual Claim Language and Mischaracterizes MemoryWeb's Arguments to the Board

The Court should reverse the Board's finding that the '020 Patent claims do not require a cause-effect relationship between the claimed input and causing the first map image to be displayed. Appx54; Red-Br., 77-78. Apple does not dispute that the phrase "responsive to" requires a cause-effect relationship. *See* Yellow-Br., 42-44. Nor does Apple dispute that there must be a cause-effect relationship between the claimed input and causing the first person view to be displayed. *Id*. Instead, Apple argues that the first map image in the first person view does not need to be displayed "responsive to" the claimed input. Yellow-Br., 42-43; Appx54. But this construction is contrary to the plain claim language and unrebutted expert testimony.

There is no dispute that the first person view must include the first map image. Appx444 (35:25-31), Appx445 (37:64-38:3); Appx45-55. Indeed, Apple admitted this during oral argument:

> The issues and we're dealing with here is the first person view and ***inside the first person view, the first map image*** and what you can see in the claim language is that ***the first person view has to have three things in it***. A first visual file, a first name and a ***first map image*** ... That's the claim language.

Appx1372 (23:9-14). A view without the first map image is not the first person view. If (1) the first person view must be displayed responsive to the input and (2) the first

person view must include the first map image, the only logical reading of the claim is that the first map image must be displayed responsive to the input. Red-Br., 77.

Apple argues that "MemoryWeb cites no intrinsic evidence showing that the patentees adopted or applied such a meaning nor any extrinsic evidence showing persons of ordinary skill in the art would so understand the claims." Blue-Br., 43. But MemoryWeb did cite intrinsic evidence in the form of the plain claim language. Appx444 (35:25-31), Appx445 (37:64-38:3). And contrary to Apple's assertion, MemoryWeb presented unrebutted expert testimony from Dr. Surati showing a POSITA's understanding of the claims:

> A POSITA would understand based on the plain meaning of the claim language that there is a cause-effect relationship between the input indicative of a selection associated with the first person (the cause) and causing the first person view—***including ... the first map image***—to be displayed (the effect).

Appx10580 (¶125); Appx987 (citing same). It is ironic that Apple accuses MemoryWeb of "ask[ing] this Court to take MemoryWeb's word for it" when MemoryWeb was the only party that presented expert testimony to the Board regarding how a POSITA would understand this claim language. Yellow-Br., 43.

Apple also mischaracterizes MemoryWeb's positions in this appeal and before the Board. First, Apple argues that "MemoryWeb ... asks the Court to read in a requirement that the 'first map image must be displayed responsive to the input.'" Yellow-Br., 41. MemoryWeb is not asking the Court to "read in" a limitation; its

construction imposes no more than what is already required by the plain claim language, i.e., that the features of the first person view must be displayed "responsive to" the claimed input. Appx444 (35:25-31), Appx445 (37:64-38:3). Second, Apple claims that MemoryWeb's construction "required the first map image to be included exclusively within the first person view." Yellow-Br., 42. Apple ignores MemoryWeb's explanation that it never argued this and that multiple views can include a first map image so long as the requisite cause-effect relationship is satisfied. Red-Br., 77-78.

Third, Apple claims that MemoryWeb "admitted elsewhere in this appeal that its position is contrary to the plain text of the '020 patent claims." Yellow-Br., 44. Specifically, Apple claims that "MemoryWeb asserted that if a 'person view' that was [displayed – sic] responsive to user input 'further includes a person-location selectable element,' that location selectable element would not itself need to be 'responsive to' that user input." *Id*. Not true. In the '658 Patent Decision, the Board declined to address the meaning of "responsive to" because it erroneously found that the claims only require "that the person view further includes the specific element." Red-Br., 74 (quoting Appx346)). MemoryWeb explained that the Board mischaracterizes the '658 Patent claim language, which recites: "the displaying the [first/second] person view further includes displaying a [first/second]-person location selectable element." Red-Br., 74. MemoryWeb's argument highlighting the

Board's mischaracterization of the '658 Patent's claim language in no way undermines the conclusion that in the '020 Patent, the first map image must be displayed responsive to the claimed input. For both the '658 and '020 Patents, the features of a given view are displayed "responsive to" the input that causes the view to be displayed.

### C. The Court Should Reverse the Decision and Vacatur is Not Required

The Board's Decision for claims 1-5, 8-12, 17-37, 40-44, and 49-59 of the '020 Patent should be reversed because the Board's finding that A3UM meets MemoryWeb's claim construction lacks substantial evidence. *Supra*, §III.A. And because Apple's arguments for affirmance hinge on its erroneous view that the first map image does not need to be displayed "responsive to" the claimed input, rather than the meaning of "responsive to," there is no need for the Court to remand. *Supra*, §III.B.

## CONCLUSION AND RELIEF SOUGHT

The Board's decisions holding that claim 15 of the '228 Patent, claims 3-4 and 8-12 of the '658 Patent, and claims 1-5, 8-12, 17-37, 40-44, and 49-59 of the '020 Patent are unpatentable should be reversed or vacated and remanded for further proceedings.

Respectfully submitted,

/s/ *Jennifer Hayes*
JENNIFER HAYES
NIXON PEABODY LLP
300 South Grand Avenue
Suite 4100
Los Angeles, CA 90071-3151
Tel: 213-629-6000
Fax: 213-629-6001

DANIEL SCHWARTZ
MATTHEW WERBER
ANGELO CHRISTOPHER
NIXON PEABODY LLP
70 West Madison Street
Suite 5200
Chicago, IL 60602-4378
Tel: 312-977-4400
Fax: 312-977-4405

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(g)(1) and Federal Circuit Rule 32(b)(3), I certify that the brief contained herein has a proportionally spaced 14-point font typeface and contains 6,969 words, based on the "Word Count" feature of Microsoft Word, excluding the cover page, patent claims, Certificate of Interest, Tables of Contents and Authorities, Statement of Related Cases, signature block, Addendum, Certificate of Compliance, and Certificate of Service.

Date: December 3, 2024

*/s/ Jennifer Hayes*

JENNIFER HAYES
**NIXON PEABODY LLP**
300 South Grand Avenue
Suite 4100
Los Angeles, CA 90071-3151
Telephone: (213) 629-6000
Facsimile: (213) 629-6001

*Counsel for Cross-Appellant*
*MemoryWeb, LLC*

**CERTIFICATE OF SERVICE**

I, Jennifer Hayes, hereby certify that, on December 3, 2024, I caused a copy of the foregoing **Cross-Appellant MemoryWeb LLC's Reply Brief** to be served on counsel of record via the court's CM/ECF system.

Date: December 3, 2024

*/s/ Jennifer Hayes*

JENNIFER HAYES
**NIXON PEABODY LLP**
300 South Grand Avenue
Suite 4100
Los Angeles, CA 90071-3151
Telephone: (213) 629-6000
Facsimile: (213) 629-6001

*Counsel for Cross-Appellant MemoryWeb, LLC*